UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MADISON D. PAPILLION | CIVIL ACTION NO. |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CITY OF ALEXANDRIA, LOUISIANA, MICHAEL STROUD, an officer and agent of the City of Alexandria Police Department, and CANDACE MCCOLLOUGH, a former officer and agent of the City of Alexandria Police Department, Badge No. 697 | MAGISTRATE JUDGE JOSEPH PEREZ-MONTES JURY DEMANDED |

## ORIGINAL COMPLAINT AND JURY TRIAL DEMAND

COME NOW the Plaintiff, Madison D. Papillion, by and through the undersigned attorney, and alleges and avers as follows:

### INTRODUCTION

1.      This action seeks to vindicate the Plaintiff's rights under the Constitution of the United States and the laws of the State of Louisiana. The Plaintiff was deprived of those rights by the Defendants, who, acting jointly and in concert, executed a seizure of the Plaintiff using unreasonable and excessive force in violation of the Fourth Amendment to the United States Constitution, causing personal injury and damage to the Plaintiff. Additionally, the Defendants' actions constituted assault and battery against the Plaintiff, resulting in personal injury and damage to the Plaintiff. For these deprivations and the resulting injuries and damages, the Plaintiff seeks relief under 42 U.S.C. § 1983, 1988 and under the laws of the State of Louisiana.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is an action seeking redress under the laws and statutes of the United States for the deprivation of rights secured by the Constitution and laws of the United States.

3.      This Court has supplemental jurisdiction over the claims arising under the law of the State of Louisiana under 28 U.S.C. § 1367, as these claims are so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy.

4.      Venue properly lies in the Western District of Louisiana under 28 U.S.C. § 1391(b)(2), as the events giving rise to this action occurred within this District. This action is properly filed in the Alexandria Division of said District as the events at issue occurred within Alexandria, Louisiana.

## PARTIES

5.      Plaintiff, Madison Papillion is a person of the full age of majority and a resident of Rapides Parish, Louisiana.

6.      Made defendants herein are the following:

(1)      **CITY OF ALEXANDRIA, LOUISIANA**, a political subdivision of the State of Louisiana within Rapides Parish, and is empowered under its charter to operate the Alexandria Police Department. The City of Alexandria is the entity having ultimate authority, responsibility and control of the proper hiring, training and supervision of all sworn Police Officers acting under their authority and the color of law. The City of Alexandria is ultimately responsible for all local policies, procedures, practices, decisions and customs employed by its law enforcement officers and for the oversight and funding of the Alexandria Police Department. In all respects set forth in this Complaint, the City of Alexandria acted under color of the law of the State of Louisiana.

(2)    **SERGEANT MICHAEL STROUD,** in his individual and official capacities, for actions as a sworn law enforcement officer with the Alexandria Police Department. In all respects set forth in this Complaint, Defendant Stroud acted within the course and scope of his employment by the Defendant City of Alexandria and under color of the laws of the State of Louisiana,  statutes, ordinances, regulations, policies, customs and uses of the City of Alexandria, and its police department. Upon information and belief, Defendant Stroud is a person of the full age of majority and a resident of the Parish of Rapides, a person for purposes of 42 U.S.C. § 1983, who can be served at his place of employment, the Alexandria Police Department, 1000 Bolton Ave, Alexandria, LA 71301.

(3) **FORMER PATROL OFFICER CANDACE MCCOLLOUGH**, in her individual and official capacities, for actions as a sworn law enforcement officer with the Alexandria Police Department with Badge No. 697. In all respects set forth in this Complaint, Defendant Mccollough acted within the course and scope of her employment by the Defendant City of Alexandria and under color of the laws of the State of Louisiana,  statutes, ordinances, regulations, policies, customs and uses of the City of Alexandria, and its police department. Upon information and belief, Defendant Mccollough is a person of the full age of majority and a resident of the Western District of Louisiana, a person for purposes of 42 U.S.C. § 1983.

7.    The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

## FACTS

8.    On or about September 26, 2021, Defendant McCollough with the Alexandria Police Department was dispatched to I-49 northbound close to exit 83 in the city of Alexandria, Louisiana in reference to a single vehicle accident. Defendant Stroud was already present at the scene when Defendant McCollough arrived.

9.      Upon making contact with Plaintiff Papillion, Defendants McCollough and Stroud suspected Plaintiff Papillion of being under the influence of alcohol. While attempting to detain Plaintiff Papillion, Defendant McCollough physically forced Plaintiff Papillion on the ground with Plaintiff Papillion first falling to her knees and then her stomach. Defendant Stroud assisted Defendant McCollough in physically detaining Plaintiff Papillion.

10.     Plaintiff Papillion was transported to Alexandria Police Department headquarters and was repeatedly denied the opportunity to contact her mother although she was only eighteen years old and was not suspected of any crimes other than a possible misdemeanor offense.

11.     Defendant McCollough, who was unprovoked, physically threw Plaintiff Papillion onto the concrete ground outside of the Alexandria Police Department headquarters while Defendant McCollough was transporting Plaintiff Papillion to Rapides Detention Center 1 for booking. Plaintiff Papillion was handcuffed at the time this assault occurred. Defendants McCollough and Stroud observed blood and tooth fragments belonging to Plaintiff Papillion on the ground.

12.     Defendant McCollough then transported Plaintiff Papillion to Rapides Regional Medical Center in Alexandria, LA. Both Officer McCollough and Sgt. Stroud were present at the hospital.

13.     Defendant Stroud became aggressive with the medical personnel at Rapides Regional Medical Center when the medical personnel attempted to discuss Plaintiff Papillion's condition and in regards to notifying Plaintiff Papillion's family about the injuries that Plaintiff Papillion had sustained. Defendant Stroud was also aggressive in his interactions with Plaintiff Papillion's family.

14.     Defendant Stroud attempted to prevent Plaintiff Papillion's family from learning of her condition and attempted to prevent medical personnel from learning the circumstances that led to Plaintiff Papillion sustaining injuries.

15.     Medical personnel at the hospital, while attempting to treat Plaintiff Papillion, discovered that Plaintiff Papillion was left handcuffed to the stretcher by the arresting officers even though she had already been issued a citation.

16.     Less than 30 days after this incident occurred, Defendant McCollough was terminated from the Alexandria Police Department due to her conduct during the arrest of Plaintiff Papillion. In addition, Defendant Stroud was issued a suspension due to his conduct surrounding the detention of Plaintiff Papillion.

17.     As a result of the force and violence employed by the Defendants in the course of seizure described above, Plaintiff Papillion suffered severe physical and emotional injuries, including a facial pain, mouth pain, and knee pain. In addition, Plaintiff Papillion's right central incisor was knocked completely out along with bleeding, contusion and tenderness at the maxillary gumline above central incisors. Also, Plaintiff Papillion's left central incisor was chipped.

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments**

**(Against Defendants Stroud and McCollough)**

18.     The Plaintiffs re-allege and incorporate by reference the allegations in ¶¶ 1-17

19.     In the course of executing the seizure of Plaintiff Papillion, Defendants used excessive and unreasonable force which resulted in physical and emotional injuries to Plaintiff Madison Papillion, thereby depriving the Plaintiff of her rights under the Fourth Amendment to the United States Constitution.

20.     Defendants McCollough and Stroud unlawfully seized Plaintiff Papillion by means of objectively unreasonable, excessive and shocking physical force, thereby unreasonably restraining Plaintiff Papillion of her freedom.

21.    In conducting the seizure of the Plaintiff,  Defendants McCollough and Stroud acted under color of the law of the State of Louisiana.

22.    In addition,  at all times relevant to this claim, Defendants McCollough and Stroud acted pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff Papillion.

23.    At the time of the complained of events, Plaintiff Papillion had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force.

24.    Plaintiff Papillion also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

25.    Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

26.    Defendants McCollough and Stroud's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Plaintiff Papillion.

27.    In employing excessive and unreasonable force, Defendants McCollough and Stroud acted with malicious and/or reckless, callous, and deliberate indifference to the rights of Plaintiff Papillion under the Fourth Amendment to the United States Constitution.The force used by Defendants McCollough and Stroud shocks the conscience and violated the Fourteenth Amendment rights of Plaintiff Papillion.

28.    Defendant Stroud took no reasonable steps to protect Plaintiff Papillion from the objectively unreasonable and conscience shocking excessive force of Defendant McCollough

despite being in a position to do so. Defendant Stroud is therefore liable for the injuries and damages resulting from the objectively unreasonable and shocking force of Defendant McCollough.

29.    Defendants McCollough acted with shocking and willful indifference to Plaintiff's rights and his conscious awareness that he would cause Plaintiff Papillion severe physical and emotional injuries.

30.    Defendants McCollough and Stroud are not entitled to qualified immunity for the complained of conduct.

31.    As the proximate result of the aforesaid actions, policies, customs and practices of the Defendants, Plaintiff Papillion sustained significant physical and emotional harm.

32.    The Defendants acted with reckless and callous indifference in depriving the Plaintiff of her Fourth Amendment rights.

33.    As a result of the deprivations of the Plaintiff's Fourth Amendment rights by Defendants McCollough and Stroud, Plaintiff Papillion has suffered physical and emotional damages for which she is entitled to relief against the Defendants under 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments.**

**(Against Defendant City of Alexandria)**

34.    Plaintiff Papillion hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

35.    Defendant City of Alexandria knew or should have known that at the time of the complained conduct, Plaintiff Papillion had clearly established constitutional rights under the

Fourth Amendment to be secure in her person from unreasonable seizure through excessive force and under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement as these rights at the time of the complained of conduct were clearly established at that time.

36.    The acts or omissions of Defendants as described herein deprived and intentionally deprived Plaintiff Papillion of her constitutional and statutory rights and caused her damages.

37.    The deprivation of Plaintiff Papillion's rights under the Fourth and Fourteenth Amendments resulted from and were caused by a policy, custom and/or practice of Defendant City of Alexandria, in that the decision to employ unreasonable and excessive force by Defendants McCollough and Stroud resulted from (a) the Defendant City of Alexandria and its Police Department's inadequacy of police training with respect to the manner in which police conduct arrests, and/or (b) a custom and practice of the Defendant City of Alexandria and its Police Department to condone and fail to discipline police officers for using excessive and unreasonable force in the course of arresting and seizing persons. The Defendant City of Alexandria's policy, practice and custom of failing to train and/or condoning the use of excessive force by officers of the City of Alexandria Police Department amounts to deliberate indifference to the rights of persons who police come in contact with.

38.    Defendants are not entitled to qualified immunity for the complained of conduct.

39.    Defendant City of Alexandria was, at all times relevant, the policymaker for the Alexandria Police Department, and established policies, procedures, customs, and/or practices for the same.

40.    Defendant City of Alexandria developed, promoted and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of

citizens, which were moving forces behind and proximately caused the violations of Plaintiff Papillion's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

41.     The policy of condoning, ratifying, and/or failing to prevent the excessive and/or unnecessary use of force by Alexandria Police Officers is a constitutionally deficient custom, policy, practice, and/or usage that repudiates the constitutional rights of persons such as Plaintiff and there is a direct causal connection between the custom, policy, practice, and/or usage and these constitutional deprivations.

42.     As a direct result of the Defendants' actions, Plaintiff Papillion has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' actions, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

### THIRD CLAIM FOR RELIEF

### ASSAULT AND BATTERY-Louisiana Claim for Relief

### (Against all Defendants)

43.     Plaintiff Papillion hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

44.     Defendants McCollough and Stroud assaulted and battered Plaintiff Papillion, in violation of Louisiana state law, specifically, La. C.C. art. 2315, et seq. Defendants McCollough

and Stroud intentionally made a harmful and offensive contact with the person of Plaintiff Papillion and the Defendants also placed Plaintiff Papillion in reasonable apprehension of receiving such contact.

45.     At all times material and present, Defendants McCollough and Stroud were acting within the course and scope of their employment with the Alexandria Police Department, and therefore, the Defendant City of Alexandria is vicariously liable pursuant to Louisiana state law for the assault and battery committed by its employees, Defendants McCollough and Stroud.

46.     As a result of the assault and battery, Plaintiff Papillion suffered damages for which she is entitled to relief under the laws of the State of Louisiana against the Defendants.

**PRAYER FOR RELIEF**

47.     Plaintiff Papillion prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a. Compensatory and consequential damages,including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

b. Economic losses on all claims allowed by law;

c. Special damages in an amount to be determined at trial;

d. Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

e. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988. including expert witness fees, on all claims allowed by law;

f. Pre- and post-judgment interest at the lawful rate; and,

g. Any further relief that this court deems just and proper, and any other appropriate relief

at law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

Dated: <u>September 24, 2022</u>

Respectfully Submitted,

s/ Jermaine L. Harris

_____
Jermaine L. Harris
La. Bar #34299
Jermaine Harris Law Firm LLC
618A Murray Street
Alexandria, LA 71301
Phone: (318) 290-3345
Fax: (318) 445-7047
Email: jermaineharrislawfirm@gmail.com
**ATTORNEY FOR Madison Papillion**